UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOURNESOL DES CHAMPS, LLC & ERIC
H. HEDICK,

                  Plaintiffs,

        -against-

THERESEA SPRADLING, et al.,

                  Defendants.

21-CV-5459 (CS)

ORDER

CATHY SEIBEL, United States District Judge:

Plaintiffs Tournesol Des Champs, LLC (Tournesol) and Erik H. Hedick (Hedick), who are proceeding *pro se,* bring this action alleging that Defendants have violated their rights under the First and Fourteenth Amendments to the United States Constitution; the civil provision of the Racketeer Influenced & Corrupt Organization Act, 18 U.S.C. §§ 1961-1968; and a federal criminal conspiracy statute, 18 U.S.C. § 241. Plaintiffs paid the filing fee to initiate this action.

For the following reasons, the Court dismisses Tournesol's claims without prejudice to Tournesol retaining counsel within 30 days of the date of this order.

## DISCUSSION

As a nonlawyer, Hedick can only represent his own interests *pro se*. *See* 28 U.S.C. § 1654; *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)) (noting that § 1654 "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself'"). Moreover, a corporation cannot proceed *pro se*. *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983). Thus, as a pro se litigant, Hedick cannot act on behalf of Tournesol. *See U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008) ("[A]n individual who is not licensed as an attorney may not

appear on another person's behalf in the other's cause.") (internal quotation marks and citation omitted). Rather, Tournesol must be represented by its own counsel. The Court therefore dismisses Tournesol's claims without prejudice.

## CONCLUSION

The Court dismisses Tournesol's claims without prejudice to Tournesol retaining counsel within 30 days of the date of this order.

Summonses will not issue at this time. If necessary, the Court will direct the Clerk of Court to issue summonses in a separate order.

The Clerk of Court is directed to mail one copy of this order to Plaintiffs and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     June 30, 2021
           White Plains, New York

_____
CATHY SEIBEL
United States District Judge